## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—
## GENERAL

| | |
|---|---|
| Case No. 5:23-cv-00531-JWH-AGR | Date May 22, 2023 |
| Title *Geno Duane Poates, Sr. v. Relish Labs LLC, et al.* | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE RE:  SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

On March 27, 2023, Defendant Relish Labs LLC removed this case to this Court.[1] Relish Labs asserts that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  The Court needs more information before it can determine whether Relish Labs is correct.

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"  28 U.S.C. § 1332.  Plaintiffs bear "the burden of demonstrating that the court has subject matter jurisdiction to hear an action."  *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

---

[1]   *See* Def.'s Notice of Removal of Civil Action to Federal Court (the "Removal Notice") [ECF No. 1] 2:1-5 & 4:10-5:23.

In addition, the Federal Rules of Civil Procedure require that when an action is filed or removed to federal court on the basis of diversity under 28 U.S.C. § 1332(a), each party must file a disclosure statement that identifies the citizenship of every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2)(A).  Indeed, each party that subsequently appears must file a Rule 7.1 Disclosure Statement with that party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1).

The issue here is the citizenship Relish Labs LLC, which is—according to the allegations in the Removal Notice—a limited liability company.[2]  A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The Court cannot determine whether the parties are diverse until it knows the citizenship of every owner/member of Relish Labs.[3]

Accordingly, the Court hereby **ORDERS** as follows:

1. Relish Labs is **DIRECTED** to file no later than June 9, 2023, a notice of the names of each of its owners/members, as well as the states of citizenship of each of those owners/members.

2. An in-person hearing on this Order to Show Cause is **SET** for June 30, 2023, at 11:00 a.m.

3. On its own motion, the Court **CONTINUES** the Scheduling Conference, currently set for May 26, 2023, to June 30, 2023, at 11:00 a.m.

**IT IS SO ORDERED.**

---

[2]   *Id.* at 3:2-4 & 4:11-17.

[3]   The parties do not dispute that Plaintiff Geno Duane Poates is a citizen of California.  *See, e.g.*, Removal Notice 5:13-17.